*Compiler of Laws*

IN THE SUPERIOR COURT OF GUAM

PORT AUTHORITY OF GUAM,

                Petitioner,

    vs.

CIVIL SERVICE COMMISSION,

                Respondent,

and JOSE B. GUEVARA, III,

                Real Party in
                Interest.

SPECIAL PROCEEDINGS CASE NO.
SP0125-13

**DECISION AND ORDER**

This matter came before the HONORABLE VERNON P. PEREZ on November 22, 2013 for Further Proceedings. Attorney John R.B. Bell appeared on behalf of the Port Authority of Guam ("Petitioner"). Attorney Jeffrey A. Moots appeared on behalf of Jose B. Guevara, the Real Party in Interest ("Guevara"). At the hearing, the parties brought to issue, whether the Court has jurisdiction to proceed on this case.[1] The Court took the matter under advisement. Having considered the parties' arguments and pleadings, the Court now issues the following Decision and Order.

## BACKGROUND

This case stems from actions taken by the Civil Service Commission ("Respondent") relative to Guevara's employment at the Port Authority of Guam ("PAG"). Guevara occupied a position referred to as "Financial Affairs Controller" at the PAG. Verified Pet. ¶ 5. On December 18, 2012, Guevara was served a Final Notice of Adverse Action for dismissal based

---

[1] Guevara had also filed a Motion to Dismiss requesting that the Court dismiss Petitioner's filing for lack of jurisdiction. Although the November 22, 2013 hearing was not a motion hearing, the Court heard arguments relative to the Guevara's Motion to Dismiss.

*Port Authority of Guam v. Civil Service Commission*
Decision and Order
Special Proceedings Case No. SP0125-13      - Page 1 of 5 -

on allegations pertaining to the certification of unavailable funds, among other things. Verified Pet. ¶ 13. Guevara subsequently appealed his termination to Respondent, seeking to void the personnel action, in part, on the basis that Petitioner violated a provision of 4 GCA § 4406, also known as the "60-Day rule." Verified Pet. ¶ 18. Petitioner opposed the appeal on the grounds that the 60-Day rule was not violated and also that, as an unclassified employee, Guevara had no standing to appeal his termination before respondent. Verified Pet. ¶ 19,30. Ultimately, a majority of Respondent's Commissioners voted to grant Guevara's motion to void the personnel action against him. Verified Pet. ¶ 30. Petitioner then filed the instant matter.

## DISCUSSION

Before the Court can address the substance of Petitioner's claims, the Court must first determine whether jurisdiction over this matter is proper. The Verified Pet. states that this court has jurisdiction over this subject matter pursuant to 7 GCA § 4101 and 7 GCA §§ 31101, et seq. Verified Pet. ¶ 1. Further, Petitioner requests Judicial Review, pursuant to 7 GCA § 31108. Verified Pet. ¶ 2. Guevara contends that pursuant to *Carlson v. Perez*, 2007 Guam 6 ¶ 61, the Guam Supreme Court states that 4 GCA § 4406, instead, provides the statutory jurisdiction for judicial review of the Respondent's decisions regarding an adverse action. Mot. to Dismiss pg. 2. Guevara also points out that the procedure to be applied is that which is developed pursuant to the Court's authority found in 7 GCA § 7117. Mot. to Dismiss pg. 2. On those bases, Guevara argues that Petitioner has failed to invoke any legal basis for this Court to exercise jurisdiction to review Respondent's decision and, therefore, the Court should dismiss Petitioner's filing.

The relevant portions of the statutory provisions at issue are as follows:

//

//

### § 4101. Superior Court: Nature and Composition

The Superior Court of Guam is a court of general jurisdiction in Guam, having original jurisdiction as prescribed by this Title and in other laws of Guam which are not within the exclusive jurisdiction of the Supreme Court of Guam or the District Court of Guam.

7 GCA § 4101.

### §§ 31101, et seq. Writ of Review

The Writ of certiorari may be denominated the writ of review.

7 GCA §§ 31101, et seq.

### § 31108. Extent of Review

The Review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer.

7 GCA § 31108.

### § 4406. Adverse Action Procedures and Appeals

The decision of the Commission or appropriate entity shall be final, but subject to judicial review.

4 GCA § 4406.

### § 7117. Means to Carry Jurisdiction into Effect

When jurisdiction is by law conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of the proceeding be not specifically pointed out by law or by rules of procedure adopted by the Supreme Court, any suitable process or mode of proceedings may be adopted which may appear most conformable to the spirit of this Title.

7 GCA § 7117.

The Guam Supreme Court in *Carlson v. Perez,* 2007 Guam 6, held that "where the agency's specific legislation directs how the agency action is to be judicially reviewed, then that agency's law should govern how one is to seek judicial review of that agency's action." *Carlson*

*v. Perez*, 2007 Guam 6 ¶ 59. The Supreme Court went on to recognize that, "the law establishing the [Civil Service Commission ("CSC")] governs appeals to the CSC from adverse actions and provides for judicial review." *Id.* at ¶ 60. While 4 GCA § 4406 arguably confers jurisdiction on the court to review decisions of the CSC, the Supreme Court held that it only provides guidance as "the statute is . . . silent on the procedures for obtaining review." *Id.* at ¶ 61. The Court went on to hold that "for an appeal of a CSC decision, the aggrieved must denominate the Petition as a 'Petition for Judicial Review.'"[2] Finally, the Court held that "reliance on the procedures of the writ of mandate is inappropriate because the extraordinary remedy of mandate is discretionary and carries a threshold of satisfying certain statutory requirements, while review of a CSC adverse action decision should be heard as a matter of right, not discretion." *Id.* at ¶ 66.

In the present case, Petitioner attempts to invoke jurisdiction on this Court by citing to 7 GCA § 4101, 7 GCA §§ 31101, et seq, and 7 GCA § 31108. Verified Pet. ¶ 1-2. As these statutes alone deal with the Nature and Composition of the Superior Court, Writ of Review, and Extent of Review, the Court can dismiss this petition as inconsistent with the holding in *Carlson*. The Court, however, finds a distinction with facts in the present case and those in *Carlson*.

In *Carlson*, the Petitioners sought a writ from the Superior Court to reverse the Guam Economic Development and Commerce Authority ("GEDCA") actions taken against them. *Carlson* at ¶ 53. They urged the Supreme Court to "treat their respective petitions liberally, and construe them as petitions for judicial review." *Id.* at ¶ 67. The Court, however, declined to do so because neither Petitioner indicated in the pleadings that they were appealing the CSC decisions. *Id.* Further, the Petitioners did not even name the CSC as a party to the proceeding."

---

[2] The Court reasoned its holding as stemming from its power to designate "any suitable process or mode of proceedings . . . most conformable to the spirit of this title" found in 7 GCA § 7117.

*Id.* at ¶ 55. This Court, however, takes note of footnote 24, where the Supreme Court therein stated, "[i]ndeed if the Petition had named the CSC as a party and requested review of the CSC decisions, we would have treated it as an appropriate Petition for Judicial Review notwithstanding its label as a Petition for a Writ of Mandate." *Id.* at ¶ 67, fn. 24.

In this case, the CSC is named as a party to the proceedings. Furthermore, the Court is satisfied that there are sufficient grounds to determine that although Petitioner invoked this Court's jurisdiction erroneously under the Writ provision, the Petitioner ultimately seeks Judicial Review of the CSC's decision. Thus, the Court construes the pleadings liberally and maintains jurisdiction over this matter. On that basis, the Court will deny Guevara's motion to dismiss for lack of Jurisdiction.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Real Party in Interest's Motion to Dismiss.

So **ORDERED** this day of \_\_11\_\_ February, 2014.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

//

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

FEB 1 1 2014

Therese M. Blas
Deputy Clerk, Superior Court of Guam